IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

GEORGIA TEACHER,            *
    Plaintiff,              *
                            *
vs.                         *   Civil Action No.14-00179-KD-B
                            *
                            *
CAROLYN W. COLVIN,          *
Commissioner of Social Security,*
                            *
    Defendant.              *

## REPORT AND RECOMMENDATION

This matter is before the Court on the Commissioner's unopposed Motion to Remand pursuant to "sentence six" of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). (Doc. 10). This Motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of all matters presented, the undersigned recommends that the cause be REMANDED to the Commissioner for further proceedings.

In the Motion, the Commissioner requests a judgment of remand of the cause to Social Security for further administrative proceedings, and advises that counsel for Plaintiff has been contacted and does not oppose the Commissioner's request to remand this action pursuant to sentence six of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). (Doc. 17). Specifically, the Commissioner contends that

1

"Plaintiff's August 28, 2012 administrative hearing cannot be transcribed because significant portions are inaudible." (Id., at 3). Accordingly, the Commissioner requests remand of the case to an Administrative Law Judge for a new hearing. (Id.).

The language of sentence six of 42 U.S.C. § 405(g) empowers this Court "on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, [to] remand the case to the Commissioner of Social Security for further action by the Commissioner..." Id. An example of "good cause", as outlined by Congress, is "[w]here, for example, the tape recording of claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed..." Id. Without a transcript of the hearing, the Commissioner cannot compile an administrative record to file with the answer. (See Doc. 4 ("The Commissioner of Social Security shall file an answer, together with a transcript of the administrative proceedings, within ninety (90) days after service of the complaint.")). Thus, the undersigned finds that the Commissioner's inability to compile a complete administrative record for this Court's review establishes good cause to remand this case to the Commissioner for the purpose of holding a new hearing before an Administrative Law Judge.

Upon consideration of the foregoing, the undersigned **RECOMMENDS** that the Commissioner's unopposed Motion to Remand be

**GRANTED**, and that this Court enter judgment reversing and remanding this cause to the Commissioner for action consistent with the Commissioner's motion. 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 101-02, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991).

With entry of this sentence six remand, the Court "does not rule in any way as to the correctness of the administrative determination." Id., 501 U.S. at 98. Accordingly, the Plaintiff is not a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412. See Shalala v. Schaefer, 509 U.S. 292, 297-298 & 300-302, 113 S. Ct. 2625, 2629 n.2, 125 L. Ed. 2d 239 (1993). "In sentence six cases, the [EAJA] filing period does not begin until after the post-remand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." Melkonyan, *supra*, 501 U.S. 102.[1]

**DONE** this **20th** day of **June, 2014.**

                                      **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[1] Although this Court retains jurisdiction over this case, the Clerk of Court is directed to statistically close this case at this time. This case is to be statistically reopened when the defendant files an answer along with a transcript of the administrative proceedings. Abrams v. Apfel, 2001 U.S. Dist. LEXIS 6463, at *3, n. 3 (S.D. Ala. March 28, 2001).